944 F.2d 901
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re HERITAGE VILLAGE CHURCH AND MISSIONARY FELLOWSHIP,
INC., a/k/a PTL, PTL Club, Fort Heritage
Campgrounds and Christian Retreat, PTL
Enterprise, debtor.
NEW HERITAGE ACQUISITION CORPORATION, a Delaware
Corporation, Plaintiff-Appellee,
v.
James O. BAKKER, Tammy Faye Bakker, Defendants-Appellants,
and
David A. Taggart, Defendant.
 No. 90-1552.
 United States Court of Appeals, Fourth Circuit.
 Argued July 8, 1991.
Decided Sept. 24, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Rock Hill. Joseph F. Anderson, Jr., District Judge. (CA-89-81-0-16)
 Argued: Deborah R.J. Shupe, Berry, Dunbar, Daniel, O'Connor & Jordan, Columbia, S.C., for appellants; David T. Dekker, Arent, Fox, Kintner, Plotkin & Kahn, Washington, D.C., for appellee.
 On Brief: W. Ryan Hovis, Berry, Dunbar, Daniel, O'Connor & Jordan, Columbia, S.C., for appellants; Aileen Miller Cohen, Arent, Fox, Kintner, Plotkin & Kahn, Washington, D.C., for appellee.
 D.S.C.
 AFFIRMED.
 Before WILKINSON, WILKINS and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 James O. Bakker and Tammy Faye Bakker, co-founders of the Heritage Village Church and Missionary Fellowship, Inc. ("PTL"), resigned from PTL in March of 1987. When PTL filed a voluntary petition under Chapter 11 of the Bankruptcy Code in June of 1987, the Bakkers filed a proof of claim against PTL, seeking to recover the value of their former residence as well as the value of certain royalties and copyrights. The trustee objected to the Bakkers' proof of claim, and counterclaimed for corporate mismanagement by the Bakkers, complaining that the Bakkers had received inordinate personal benefits from PTL. The bankruptcy court designated the action an adversary proceeding on March 24, 1988, and ordered that discovery be completed by August 15, 1988. On August 17, the Bakkers moved to extend the discovery period and continue the trial. The bankruptcy court denied the motion and trial commenced on September 12 as scheduled. After presentation of the trustee's case in chief on the counterclaims, the court continued the trial for thirty days to permit the Bakkers to conduct further discovery and prepare their case.
 
 
 2
 At the close of the eight day trial, the bankruptcy court entered a Memorandum Opinion denying the Bakkers' claims and directing entry of judgment against the Bakkers on the trustee's counterclaims. In so doing, the court found that the Bakkers had mismanaged the millions of dollars in donations received by the PTL ministry and had reaped unjustifiable personal benefits through their association with PTL.
 
 
 3
 The Bakkers appealed to the United States District Court for the District of South Carolina. On appeal, the Bakkers made three principal contentions. First, they challenged the bankruptcy court's denial of their motion to extend the discovery period and continue the trial. Second, they contended that the bankruptcy court erred in two of its evidentiary rulings at trial. Finally, the Bakkers argued that several of the bankruptcy court's factual findings were unsupported by the evidence.
 
 
 4
 The district court upheld the bankruptcy court's actions, finding that its rulings did not constitute an abuse of discretion and that its factual findings were not clearly erroneous. The Bakkers raise the same issues here as in the district court, and we affirm the judgment.
 
 I.
 
 5
 The Bakkers' initial contention is that the bankruptcy court abused its discretion in denying their motion to extend the time for discovery and continue the trial. Although the trial court is afforded broad discretion on discovery matters, Havee v. Belk, 775 F.2d 1209, 1223 (4th Cir.1985), the Bakkers argue that the court's ruling in this case resulted in fundamental unfairness. They argue that the five-month discovery period allowed by the bankruptcy court was insufficient given the complexity of the issues and their inability to obtain certain documents necessary to prepare for trial.
 
 
 6
 We believe for several reasons that the bankruptcy court did not abuse its broad discretion on this matter. First, the Bakkers failed to comply with the clear provisions of the local bankruptcy rules governing discovery, which limit the usual period of discovery to ninety days following the filing of the last responsive pleading, and require that all motions for extension of the discovery period be made prior to the expiration of that period. Local Rule M-04(2). It is true, as the Bakkers point out, that a discovery period in excess of the usual ninety days was granted in this case, but that fact is hardly cause for complaint. Nor can the grant of an extended discovery period be construed to eviscerate the other provisions of the rules and excuse the fact that the extension motion was filed after the expiration of the prolonged discovery period.
 
 
 7
 Second, even if the Bakkers had filed a timely motion, it would not have been an abuse of discretion to deny it under the standard set forth in Local Rule M-04(2). Motions for extension of discovery time may be granted under the rule only "upon a showing that the parties diligently have pursued, and have been unable to complete, discovery within the original period." As the Bakkers concede, they made only one "formal" discovery request--a set of interrogatories served two months into the discovery period. This sparse activity during the discovery period serves to undermine their contention that the fivemonth discovery period was unreasonably short. The Bakkers' alleged inability to obtain documents wanes in the absence of any formal document request, and their cries of complexity lack credence in light of their single, isolated attempt at formal discovery during the five-month period when they might have attempted to unravel the complexity complained of. See West Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1524 (9th Cir.1990).
 
 
 8
 Finally, even if the Bakkers were justified in their request to reopen the discovery period, any prejudice that resulted therefrom disappeared when the bankruptcy court granted an additional 30 days of discovery at the close of the trustee's case in chief. The Bakkers contend that they needed additional time to prepare their case for trial, but when given such an opportunity they once again failed to utilize the discovery tools available to them.
 
 II.
 
 9
 The Bakkers also raise three other contentions on this appeal. They argue that the bankruptcy court abused its discretion in making two evidentiary rulings: in admitting an IRS report of an investigation into whether certain PTL expenditures justified revoking its tax-exempt status and in admitting the expert testimony of Larry Howlett and William Grooms on the issue of the reasonable salary levels of the Bakkers. They also contend that several of the trial court's factual findings are not supported by the record.
 
 
 10
 In addressing these issues, it is important to set them in the context of an eight-day trial which, in our judgment, safeguarded the Bakkers' rights. The district court opinion addresses each of the above contentions, and we affirm for the reasons set forth in that opinion.
 
 III.
 
 11
 For the foregoing reasons, the judgment of the district court is
 
 
 12
 AFFIRMED.